# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHAD BLATCHLEY,**

      **Plaintiff,**

**v.**                                          **Case No:  6:12-cv-1605-Orl-28GJK**

**MCDONNELL DOUGLAS**
**CORPORATION and THE BOEING**
**COMPANY,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO CHANGE VENUE (Doc. No. 14)** |
| **FILED:** | **January 18, 2013** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the case be **DISMISSED without Prejudice**. | |

On October 25, 2012, Plaintiff, Chad Blatchley, filed a nine-count Complaint against Defendants, McDonnell Douglas Corporation (hereafter "McDonnell Douglas") and The Boeing Company (hereafter "Boeing" and collectively with McDonnell Douglas as "Defendants").  Doc. No. 1.  In the Complaint, Plaintiff alleges that he is a resident of Florida; McDonnell Douglas is organized under the laws of Maryland and has its principal place of business in Missouri; and Boeing is organized under and maintains its principal place of business in Illinois.  Doc. No. 1 at 1-2 ¶¶ 2-4.  Plaintiff alleges that the Court has jurisdiction based on diversity of the parties, 28

U.S.C. § 1332, and that venue is proper because at least one of the Defendants is subject to personal jurisdiction in Florida, citing 28 U.S.C. § 1391(3). Doc. No. 1 at 3 ¶¶ 13-15.

The gravamen of the Complaint is that Plaintiff was exposed to toxic and harmful fumes while working as a flight attendant on M737 aircraft, which were manufactured, designed and sold by Defendants. Doc. No. 1 at 4-7.[1] Plaintiff alleges that he has been diagnosed with "rhinopharyngitis, extrinsic asthma, toxic encephalopathy, headache, anxiety, paresthesia, fatigue and testicular hypofunction," which have rendered him unable to work and are attributed to his exposure to the toxic fumes on the aircraft. Doc. No. 1 at 7 ¶¶ 36-37. Plaintiff asserts claims for products liability, negligence, breach of implied warranty, negligent misrepresentation, intentional infliction of emotional distress, negligent infliction of emotional distress and violation of Florida's Deceptive and Unfair Trade Practices Act. Doc. No. 1 at 9-19.

On January 18, 2013, Plaintiff moved to transfer venue (hereafter "Motion") from the Middle District of Florida to the United States District Court for the District of Maryland, Baltimore Division. Doc. No. 14. In the Motion, Plaintiff asserts that transferring venue to the United States District Court of Maryland is appropriate because he is a resident of Maryland, totally disabled and it would impose an extreme hardship on him to have to appear in Orlando. Doc. No. 14 at 1 ¶¶ 2-3. Plaintiff states that the "greatest percentages of his exposures which have created this industrial illness were while being based out of Baltimore Washington International Airport." Doc. No. 14 at 2 ¶ 4. Plaintiff asserts that "he is currently based out of Baltimore Washington International Airport although on long term medical leave." Doc. No. 14 at 2 ¶ 5. Plaintiff states that McDonnell Douglas is a Maryland Corporation and contends that

---

[1] Plaintiff alleges that he was exposed to these harmful and toxic fumes while working on flights from Orlando to Kansas City, Bob Hope Airport to Phoenix, Denver to Tampa, Tampa to Buffalo, Kansas City to Philadelphia, and Phoenix to Denver. Doc. No. 1 at 4-6.

the Complaint should have been originally been filed in the United States District Court of Maryland.  Doc. No. 14 at 2 ¶¶ 6-7.  Plaintiff indicates the Motion is unopposed because he has not served the Complaint on Defendants.  Doc. No. 14 at 1 ¶ 1.[2]

As the party seeking to invoke this Court's jurisdiction under 28 U.S.C. § 1332, Plaintiff has the burden of proving that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000.00.  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  In order to show that complete diversity exists, Plaintiff must demonstrate a controversy between "citizens of different States."  28 U.S.C. § 1332(a)(1).

In the Complaint, Plaintiff does not allege what state he was a citizen of at the time he filed the Complaint, although he does allege that he resides in Florida.  Doc. No. 1 at 1 ¶ 2.  In his Motion, Plaintiff states that he currently resides in Maryland.  *See* Doc. 14 at 1 ¶ 3.  The Court is unable to determine what state Plaintiff was a citizen of at the time he filed the Complaint.  If Plaintiff was, in fact, a citizen of Maryland at the time he filed the Complaint, and not a citizen of Florida, then the Court lacks subject matter jurisdiction to hear the case because the parties are not diverse, specifically Plaintiff and McDonnell Douglas would be citizens of Maryland.

Because Plaintiff's citizenship at the time he filed the Complaint could not be determined, the undersigned ordered Plaintiff to file an affidavit, on or before April 1, 2013, stating "whether he was a citizen of Florida or Maryland as of October 25, 2012, the date he filed the Complaint.  If Plaintiff was a citizen of Maryland, then he shall show cause, in writing, why the case should not be dismissed for lack of subject matter jurisdiction."  Doc. No. 16 at 3.  Plaintiff was cautioned that his failure to comply with the order to show cause would result in a

---

[2]  On January 22, 2013, the Court permitted Plaintiff's counsel to withdraw from representation.  Doc. No. 15.

recommendation that the case be dismissed without further notice.  Doc. No. 16 at 3.  As of this date, Plaintiff has not responded to the order to show cause.  Accordingly, it is **RECOMMENDED** that the Motion be **DENIED** and the case **DISMISSED without Prejudice**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  **The Clerk is directed to send a copy of this Report and Recommendation to Plaintiff by certified mail**.

**RECOMMENDED** in Orlando, Florida on April 22, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy